UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO.:

AT LAW AND IN ADMIRALTY

DENISE MABRY,

Plaintiff,

v.

ROYAL CARIBBEAN CRUISES, LTD.
A Liberian Corporation, d/b/a
ROYAL CARIBBEAN CRUISE LINE and/or
ROYAL CARIBBEAN INTERNATIONAL.

Defendant.

_________________________________/

## COMPLAINT FOR DAMAGES

The Plaintiff DENISE MABRY hereby sues the Defendant and files this Complaint for Damages and says:

## THE PARTIES AND JURISDICTION

1. This is an action for damages which exceed $75,000 exclusive of interest, costs, and attorney's fees.

2. **THE PLAINTIFF.** The Plaintiff DENISE MABRY (hereinafter "Plaintiff" or "MABRY") is *sui juris* and is a citizen of the United States of America and resident of Lake County, Dyer, Indiana.

3. **THE DEFENDANT**. The Defendant ROYAL CARIBBEAN CRUISES, LTD., a Liberian Corporation, d/b/a ROYAL CARIBBEAN CRUISE LINE and/or ROYAL CARIBBEAN INTERNATIONAL (hereinafter "Defendant" or "RCCL") is a citizen of the foreign nation of Liberia, is incorporated in Liberia, but does business in the State of Florida, and at all times

material hereto was and is doing business in Miami Dade County, Florida. At all times material hereto RCCL owned and/or operated the cruise ship on which the subject negligence occurred.

4. **FEDERAL SUBJECT MATTER JURISDICTION**. Federal subject matter jurisdiction arises under 28 U.S.C. § 1332, as this is a civil action where the matter in controversy exceeds $75,000 exclusive of interest and costs and is between citizens of different States and/or citizens of a State and citizens of a foreign state. This action also arises under and is by virtue of the admiralty or maritime jurisdiction pursuant to 28 U.S.C. § 1333. This action is being filed in Federal Court in Miami Dade County, Florida as required by the venue selection clause in the Passenger Contract Ticket issued by the Defendant.

5. **VENUE AND PERSONAL JURISDICTION**. The Defendant, at all times material hereto, itself or through an agent or representative, in the County and in the District in which this Complaint is filed:

a) Operated, conducted, engaged in or carried on a business venture in this state and/or county; and/or

b) Had an office or agency in this state and/or county; and/or

c) Engaged in substantial activity within this state; and/or

d) Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193.

6. All conditions precedent for filing and maintaining this action have been fulfilled, have been waived, or do not apply.

7. **DATE OF THE INCIDENT.** The incident occurred on November 15, 2022.

8. **LOCATION OF THE INCIDENT.** The incident occurred onboard the *Wonder of the Seas* a ship in navigable water while the Plaintiff was a passenger. Specifically, the

Plaintiff's slip and fall occurred while she was walking on a public area open deck walkaway. The Plaintiff's claims are therefore governed by general maritime law.

9. **STATUS OF THE PLAINTIFF AT THE TIME OF THE INCIDENT.** At all times material hereto, the Plaintiff was a passenger on the subject cruise ship described herein and accordingly was an invitee while on the vessel.

10. **RCCL *WONDER OF THE SEAS* AND THE DANGEROUS CONDITION.** RCCL owns and/or operates the *Wonder of the Seas*. RCCL is in the hospitality business. On every ship RCCL provides open decks. RCCL's open decks offer guests a wide array of amenities and activities. These include but are not limited to various bars, restaurants, pools, showers, jacuzzies, spas, lounge chairs, waterslides, and water parks. These open deck areas are interconnected by public walkways which are designed to lead guests between these amenities and activities. RCCL's operates these amenities and activities including those onboard the *Wonder of the Seas* every day of every cruise starting from early morning continuously until nighttime. This means RCCL's pool, spa, jacuzzi, waterslides and waterparks are in continuous use by hundreds if not thousands of passengers every day of each cruise. RCCL knows that its open deck pools, jacuzzies, showers and waterparks cause water to accumulate on its open decks on a repetitive and ongoing basis. This includes RCCL's waterparks which include large waterslides. These waterslides span across numerous decks and RCCL designed and/or approved the design of the slides to splash water as guests slide down the tubes on all of its ships including the *Wonder of the Seas*. This can and does cause water to repeatedly splash onto the deck floors. RCCL knows that guests splash, track and/or spread water onto the open decks each time passengers use these slides. If left unattended the areas in and around the landing of these slides cause water to accumulate into large on the open deck floors. This can cause the walkways to be partially covered with large puddles of water which can create a trap for guests. The distinction between wet and dry walkways

is not readily apparent because the water blends into the floor. Through years of experience owning and operating its ships including the *Wonder of the Seas*, RCCL knows that these areas must be inspected and maintained in a clean and dry condition to prevent slip and falls. RCCL must therefore assign a sufficient number of crew inspect, maintain and/or warn guests of these wet slippery floors on a regular basis. Alternatively, RCCL knew or should have known to cordon off these wet areas. RCCL knew or should have known to redirect or block of these areas to allow guests safely walking in and around these areas adjacent to the waterpark that are not part of the waterpark. RCCL also chose not to add slip resistant coating to the flooring or anti-slip tape to the areas known to be repetitively wet and slippery.

11. **DESCRIPTION OF THE INCIDENT.** RCCL allowed a large amount of water or liquid to accumulate on the open deck floor onboard the RCCL *Wonder of the Seas* on November 15, 2022. RCCL's crew members allowed the water or liquid to either accumulate and did not inspect, clean, dry, mop, or squeegee the puddle or alternatively mopped this area. RCCL also failed to post adequate warnings of water or liquid on the floor such as signs, cones, or barriers. RCCL also failed to train its crew regarding how to properly inspect, clean, and dry the floor. RCCL also allowed its crew to ignore the water or liquid on the floor by stationing an inadequate number of crew in the area and failing to supervise them.

12. As a direct result, former passenger Mabry slipped and fell on the open deck floor next to the waterslide landing area. Shortly before her fall, Mabry walked outside from the interior deck to the open deck area. Mabry started to walk down a sloped walkway with her husband. At the time Mabry was approximately three feet away from her husband on the side of the walkway closest to, but not inside, the waterpark slide landing area.

13. Before the fall Mabry was paying attention to where she was going, but despite her reasonable care she slipped and fell because this large puddle blended into the floor. RCCL failed

to put a wet floor sign and/or warning signs to mark the wet floor to alert Mabry that the floor was wet. Mabry only discovery the size of the puddle after she was physically on the ground sitting and touching the puddle. While on the floor Mabry determined that the puddle was at least three by six feet in size if not larger. When Mabry slipped and fell she injured her right ankle.

14. Mabry's husband did not walk in the large, long puddle because he was on the dry side of the walkway. He therefore did not slip and fall. Below is a demonstrative photograph of the area of the fall and the long puddle of water stretching along the open deck walkway along the waterpark landing area.



15. **DAMAGES**. As a result of RCCL's negligence, Mabry has suffered severe and permanent injuries including but not limited to injuries to her right ankle including but not limited to torn ligaments. These injuries are permanent and significantly affect the life and abilities of Mabry. These are extremely painful injuries and have caused and will continue to cause severe disability with permanent impairment. Mabry has suffered these losses in the past and will continue to suffer them in the future. These injuries and damages include but are not limited to economic

damages including medical, psychological, and other related expenses in the past and in the future, and household and other related expenses in the past and in the future. These injuries and damages also include but are not limited to non-economic damages including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life.

16. **NOTICE: PRIOR SIMILAR INCIDENTS.** Prior similar incidents show evidence that RCCL had notice of the dangerous condition here. RCCL documents slip and falls in various ways which may include prior shipboard safety meetings; work orders; prior repairs; logs or databases of prior similar incidents of slip and falls; prior complaints made to guest services throughout its fleet; safety testing and/or inspections testing. Examples of prior similar incidents known to date include the following incidents involving passengers who slipped and fell on wet slippery walkways on RCCL's ships under the same and/or similar circumstances as MABRY:

a. *Karikas v. Royal Caribbean Cruises, Ltd.* Case No. 1-23-cv-21692: On May 16, 2022 former passenger Mr. Robert Karikas slipped and fell on the wet open deck floor while he was a passenger onboard RCCL's *Wonder of the Seas*;

b. *Hamilton v. Royal Caribbean Cruises, Ltd.*, Case No. 1:23-cv-21948-FAM: On June 6, 2022 former passenger Binette Hamilton slipped and fell on the wet open deck floor while onboard the RCCL *Independence of the Seas*;

c. *Gautsch v. Royal Caribbean Cruises, Ltd.*, Case No. 1:23-CV-20437- PCH: On February 11, 2022 former passenger Natalie Gautsch slipped and fell on the wet open deck floor while onboard the RCCL *Independence of the Seas*;

d. *Yungel v. Royal Caribbean Cruises, Ltd.*, Case No. 1:20-cv-24090-RNS: On November 25, 2019 former passenger Jonathan Yungel slipped and fell on the wet open deck floor while onboard the RCCL *Majesty of the Seas*;

e. *Colon v. Royal Caribbean Cruises, Ltd.*, Case No. 1:23-cv-20166: On January 14, 2022 former passenger Xavier Jimenez Colon slipped and fell on the wet open deck floor while onboard the RCCL *Harmony of the Seas*;

f. *Wallace v. Royal Caribbean Cruises, Ltd.*, Case No. 1:23-cv-20265-KMM: On January 28, 2022 former passenger Troy Wallace slipped and fell on the wet open deck floor while onboard the RCCL *Odyssey of the Seas*;

g. *Barish v. Royal Caribbean Cruises, Ltd.*, Case No. 1:21-cv-20081: On February 12, 2020 former passenger Bryan Barish slipped and fell on the wet open deck floor while onboard the RCCL *Harmony of the Seas*.

h. *McGoodwin v. Royal Caribbean Cruises, Ltd.*, Case No. 1:20-cv-21283-CMA: On April 20, 2019 former passenger Deborah McGoodwin slipped and fell on the wet open deck floor while onboard the RCCL *Liberty of the Seas*;

i. *White v. Royal Caribbean Cruises, Ltd.*, Case No. 1:19-cv-21745: On May 4, 2018 former passenger Sandra White slipped and fell on the wet open deck floor while onboard the RCCL *Harmony of the Seas*;

j. *Hicks v. Royal Caribbean Cruises, Ltd.*, Case No. 1:19-cv-23155-DPG: On September 25, 2018 former passenger Jeffrey Hicks slipped and fell on the wet open deck floor while onboard the RCCL *Oasis of the Seas*;

k. *Kubala v. Royal Caribbean Cruises, Ltd.*, Case No. 1:19-cv-21033: On May 1, 2018 former passenger Thomas Kubala slipped and fell on the wet open deck floor while onboard the RCCL *Adventure of the Seas*.

l. *Price v. Royal Caribbean Cruises, Ltd.*, Case No. 1:19-cv-21326-KMW: On May 15, 2018 former passenger Melinda Price slipped and fell on the wet open deck floor while onboard the RCCL *Oasis of the Seas*;

m. *Lauka v. Royal Caribbean Cruises, Ltd.*, Case No. 1:17-cv-24665: On February 22, 2017 former passenger Michelle Lauka slipped and fell on the wet open deck floor while onboard the RCCL *Enchantment of the Seas*;

n. *Kohl v Royal Caribbean Cruises, Ltd.*, Case No. 1:16-cv-24718-FAM: On November 22, 2015 former passenger Robert Kohl slipped and fell on the wet open deck floor while onboard the RCCL *Oasis of the Seas*;

o. *Giansanti v. Royal Caribbean Cruises, Ltd*., Case No. 1:16-cv-20997-JAL: On April 12, 2015 former passenger George Giansanti slipped and fell on the wet open deck floor while onboard the RCCL *Grandeur of the Seas*;

p. *Benson v. Royal Caribbean Cruises Ltd*., Case No. 1:15-cv-24312-PCH: On February 21, 2015 former passenger Lillian Benson slipped and fell on the wet open deck floor while onboard the RCCL *Adventure of the Seas*;

q. *Savoy v. Royal Caribbean Cruises Ltd.*, Case No. 1:13-cv-23615-CMM: On November 5, 2012 former passenger Teresa Savoy slipped and fell on the wet open deck floor while onboard the RCCL *Oasis of the Seas*.

17. **NOTICE: CORRECTIVE ACTION.** Additional evidence that RCCL had notice of the dangerous condition here is shown because following the subject incident, RCCL's crew placed cautions signs to mark the wet floor after Mabry slipped and fell.

18. **NOTICE: THE SIZE OF THE WET AREA.** Additional evidence that RCCL had notice of the dangerous condition here is shown by the size of the wet area. While Mabry was sitting on the floor in pain waiting for medical attention, Mabry realized for the first time how large the wet area was. Mabry's backside and legs were wet. The wet area was at least three by four six feet in size. While down on the floor Mabry and her husband were able to feel and see from the low angle where the floor was wet.

19. **NOTICE: LENGTH OF TIME THE DANGEROUS CONDITION EXISTED.** Additional evidence that RCCL had notice of the dangerous condition here is shown by the length of time that the condition existed. For the wet area to be as large as it was, the condition existed for an extended period of time. It would take hours for a puddle of this size to accumulate from guests repeatedly tracking pool water and water repeatedly splashed from the waterpark.

20. **NOTICE: CREW MEMBERS IN THE VICINITY OF THE SUBJECT AREA.** Additional evidence that RCCL had notice of the dangerous condition here is shown by the fact that there were crew members in the vicinity of the subject area. These crew were seen in the general vicinity of the area of the fall before the incident stationed all around the open deck area including the area where Mabry fell. Upon information and belief RCCL assigned, instructed, required and/or otherwise directed these specific housekeeping crew members to remain in and around the area where Mabry fell because it was known to suffer from accumulations of water.

21. **NOTICE: TRAINING AND PROCEDURES AND TRAININGS.** Additional evidence that RCCL had notice of the dangerous condition here is shown by the fact that the cruise line has policies and procedures applicable to the subject area that crew members inspect and maintain the floors in a clean and dry condition as well as to warn guests of slippery wet floors. These training programs include but are not limited to RCCL's Shipboard Safety Awareness, Safety & Injury Prevention "SQM" policies and procedures. These policies and procedures include a housekeeping program known as "Own the Spill" program, two-minute trainers, as well as other procedures which address slip and fall prevention, floor maintenance and provision of warnings regarding shipboard hazards.




| METHOD | POINTS TO COVER | STEP |
|---|---|---|
| Introduce:<br>Interest: I<br>Objective: O<br>WIFM: W | I: Ask question: What are some potential outcomes of an environment with slip and trip hazards, such as a wet floor?<br>O: Outline the need for crewmembers to be aware of their surroundings and all potential slip and trip dangers in 'all' areas at all times. State what actions the crew-member should take if they encounter a hazardous situation.<br>W: Working safely is a condition of employment because it keeps everyone injury-free. | Supervisor poses question to crew |
| Demonstrate: | Review the guiding principles; slips and trips are preventable and all crewmembers are responsible for safety.<br>Discuss some potential items or areas of the ship that may present potential slip or trip situations working and living onboard.<br>Having input from all crew members is important as suggestions can make the onboard environment safer. | Discussion of potential slip and trip hazards |
| Practice: | Ask crewmembers to volunteer to share best practices not already mentioned, on how to avoid slips and trips in their individual roles. Encourage or outline if not mentioned, the not-so-obvious examples such as leaving filing cabinet drawers open. | Questions are posed to the team<br>Best practices are discussed |
| Evaluate:<br>Summarize: | Randomly ask different crew best practices on making the 'entire' ship an environment free of slips and trips.<br>Close by re-stating why working safely and being proactive is a vital role for all crew. | Questions are asked to confirm understanding |

RCCL's training programs specifically train its crew members to inspect and maintain its floors in a clean and dry condition including but not limited to walkways next to the water park. RCCL's trainings and procedures instruct crew members that its floors are slippery when wet which can cause passengers to slip and fall and get injured. RCCL also trains and created procedures which require crew members to place wet floor signs on walkways that become repetitively wet and/or are known

to be wet. Additionally, RCCL trains its crew that wet floor signs must remain around wet floors until the floors are dried. This includes after crew have recently mopped the floors. RCCL created these procedures for its crew because RCCL knows that without warnings passengers may not know or be able to perceive that its floors are wet. RCCL also knows that without warnings passengers may not know how slippery its floors are when wet. This shows that RCCL knew or should have known that RCCL knew or should have known its slippery wet walkways are not an open and obvious condition.

22. **NOTICE: VIOLATION OF INDUSTRY STANDARDS.** RCCL, at all relevant times, was also under a legal duty to comply with mandatory international vessel safety regulations that are promulgated by the International Maritime Organization (IMO) under authority expressly conferred by the U.S. Senate-ratified international Safety of Life at Sea (SOLAS) treaty, including *Part C, Regulation 13,* subpart 1.1 "safe escape routes shall be provided."); subpart 1.2 ("escape routes shall be maintained in a safe condition clear of obstacles.") RCCL's open deck walkways are escape routes that RCCL must maintain in a safe, clear, clean and dry condition. Upon information and belief, RCCL, at all relevant times, was aware of industry safety standards of ASTM International, ANSI, ISM Code and Regulations and other industry standards applicable to providing and maintaining safe walkways and floor materials. See, *e.g.*, IMO, MSC Circular 735 (24 June 1996); U.S. Access Board, Draft Passenger Vessel Accessibility Guidelines (2000-present) and ADA Accessibility Guidelines; 46 CFR §§72.05-20(n), 116.438(h); ASTM F-1166-07; Life Safety Code; and Safety of Life at Sea SOLAS) Treaty.

23. **NOTICE: CAUTION SIGNS.** Additional evidence that RCCL had notice of the dangerous condition here is shown by the fact that RCCL routinely posts caution signs. RCCL uses these caution signs in its open deck walkways and other areas of its ships to alert guests of wet slippery floors. This is done in part because RCCL knows through years of experience

including through the investigation of countless shipboard slip and falls, that if signs are not used guests can and do slip and fall. Additionally, RCCL knows through years of experience including through the investigation of countless shipboard slip and falls that the degree of slipperiness of its shipboard floors as well as the presence of water or liquids is not immediately apparent to guests.

24. **NOTICE: PARTITION BETWEEN WATERPARK AND WALKWAY.** RCCL chose to install a low partition between the walkway where Mabry slipped and fell and the waterslide landing area as shown below:



Upon information and belief, RCCL chose to design, install and/or otherwise construct this area with a partition because RCCL knew or certainly should have known that water would be splashed outside the waterpark onto surrounding areas. RCCL knew or certainly should have known that the walkways surrounding and outside the waterslide landing area would be used by guests who would not use or would not reasonably anticipate water on walkways that are not part of the waterpark area.

**COUNT I**
**NEGLIGENT FAILURE TO MAINTAIN**

**(Direct Liability for Negligence Under General Maritime Law)**

25. The Plaintiff Mabry hereby adopts and re-alleges each and every allegation in paragraphs 1 through 24 above.

26. This is an action against RCCL by and through its crew for failure to maintain its open deck walkway floors in a reasonably safe condition onboard the RCCL *Wonder of the Seas* on November 15, 2022.

27. **DUTIES OWED BY RCCL**. RCCL owes a duty to exercise reasonable care for the safety of its passengers, including Plaintiff. RCCL owes a duty as a common carrier to its passengers to maintain all areas of its ship. RCCL's duty of care includes maintaining the floor, including the open deck walkway next to the waterslide landing onboard the RCCL *Wonder of the Seas* in a safe manner, including the subject area where Mabry slipped and fell on November 15, 2022.

28. RCCL either had actual notice and/or had constructive notice of the dangerous condition as alleged in paragraphs 16-24 above and incorporated herein.

29. **RCCL BREACHED ITS DUTY**. RCCL breached its duty to maintain open deck walkway next to the waterslide landing area onboard the RCCL *Wonder of the Seas* on November 15, 2022, in a safe manner. RCCL breached its duties to Mabry by its actions and conduct. RCCL failed to maintain and inspect the area where Mabry slipped and fell. RCCL failed to inspect the open deck walkway next to the waterslide landing area with sufficient regularity. Additionally, RCCL allowed the water to accumulate and remain on the floor for hours. RCCL did not clean, dry, or squeegee the water or liquid. RCCL also failed to comply with applicable industry standards, statutes, and/or regulations.

30. **PROXIMATE CAUSE**. RCCL's failure to inspect and maintain the open deck walkway next to the waterslide landing area onboard the RCCL *Wonder of the Seas* in a safe manner, proximately caused Mabry's injuries. The Defendant's negligent inspection and maintenance allowed for a large puddle of water to accumulate in the open deck walkway next to the waterslide landing area. RCCL's failure to inspect and maintain the floor caused it to be slick and slippery for an extended period of time. Had RCCL reasonably maintained and inspected the open deck walkway next to the waterslide landing area onboard the RCCL *Wonder of the Seas* on November 15, 2022, Mabry would have never slipped, fallen, and been injured.

31. **DAMAGES.** As a result of RCCL's negligent maintenance the Plaintiff has and will suffer damages in the past and in the future as described in paragraph 15 and incorporated herein.

WHEREFORE the Plaintiff demands Judgment against RCCL for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under General Maritime Law, and any and all other damages which the Court deems just or appropriate.

## COUNT II
## NEGLIGENT FAILURE TO MAINTAIN

**(Vicarious Liability for Negligence**
***Respondeat Superior* Under General Maritime Law)**

32. The Plaintiff hereby adopts and re-alleges each and every allegation in paragraphs 1 through 24 above.

33. This is an action against RCCL for RCCL's vicarious liability for the active negligence of its employees for their failure to maintain its open deck walkway next to the waterslide landing area in a reasonably safe condition.

34. **DUTIES OWED BY RCCL.** At all times material herein, the crew aboard the RCCL *Wonder of the Seas* were the employees of the Defendant. RCCL is therefore vicariously liable for the active negligence of its crew for their negligent failure to maintain the open deck walkway next to the waterslide landing area onboard the RCCL *Wonder of the Seas* in a safe manner. RCCL's crew owe passengers a duty to exercise reasonable care for the safety of its passengers by and through its employees onboard its ships. This duty of care includes maintaining the open deck walkway next to the waterslide landing area onboard the RCCL *Wonder of the Seas* in a safe manner including the floor where Mabry slipped and fell on November 15, 2022.

35. At all times material hereto, the vessel's crew assigned to inspect and maintain the open deck floors in a clean, dry and safe manner were subject to the control and/or right to control by RCCL. RCCL operated, controlled and/or maintained the open deck area as well as its shipboard housekeeping department. RCCL was responsible for among other things and without limitation overseeing the operations of the shipboard open deck areas including the inspection and maintenance of its walkways; overseeing the operations of the shipboard housekeeping department including those crew assigned to inspect and maintain the open deck floors; selecting, purchasing and maintaining the cleaning equipment and materials used to inspect and maintain wet floors including the open deck areas; training, evaluating, and coaching crew assigned to inspect and maintain the open deck walkways; and establishing rules, protocols and schedules of crew assigned to inspect and maintain its shipboard floors in a clean and dry condition and to prevent slip and falls on wet slippery floors.

36. The RCCL *Wonder of the Seas* shipboard housekeeping supervisors assigned, instructed, directed and/or otherwise advised the crew members assigned to inspect and maintain the

open deck walkways that they should inspect and maintain the open deck walkways in a clean and dry condition to prevent slip and falls. The crew the housekeeping supervisors designate are commonly known as housekeeping stewards, pool butlers and/or facility cleaning specialists. RCCL's shipboard housekeeping supervisors create shift schedules and section assignments that designate stewards to specific areas of the ship which include the open deck areas. RCCL's shipboard housekeeping supervisors responsible for the open decks assign specific housekeeping stewards, pool butlers and/or facility cleaning specialists to inspect and maintain the floors of their designated areas including the open deck walkways.

37. Upon information and belief, RCCL's shipboard housekeeping supervisors assigned at least one specific stewards, pool butlers and/or facility cleaning specialists to inspect and maintain the walkway where Mabry slipped and fell. This crew member who was responsible for the inspection and maintenance of the walkway where Mabry slipped and fell actively failed to do so.

38. The crew assigned to the open deck areas including the walkway where Mabry fell are responsible for being aware of their surroundings. Crew are also responsible for inspecting and maintaining all floors in a clean and dry condition to prevent slip and falls in compliance with RCCL's maintenance program as alleged in paragraph 21. On the day of the incident RCCL's crew failed inspect and/or maintain the walkway where Mabry fell. RCCL's crew therefore failed to reasonably inspect and maintain the open deck walkway in a reasonably safe manner to prevent slip and falls.

39. **NOTICE IS NOT REQUIRED FOR EMPLOYEE NEGLIGENT ACTS.** RCCL is vicariously liable for negligent acts of its employees. A passenger is not required to establish that a shipowner had actual or constructive notice of a risk-creating condition to hold a shipowner liable for the negligent acts of its employees. *Yusko v. NCL (Bahamas), Ltd.*, 4 F.4th 1164, 1169-1170 (11th Cir. 2021). In this case RCCL's crew members' negligent acts caused Mabry to slip and fall. Specifically, RCCL's crew assigned to the area where Mabry fell including

the specific steward, pool butler and/or facility cleaning specialist allowed water to accumulate into a large puddle and remain on the floor for hours. Additionally, RCCL's crew assigned to the area failed to place a wet floor sign to mark the wet floor, block off the wet area to prevent guests including Mabry from walking on the wet floor and/or failed to provide verbal warnings to warn guests including Mabry of the wet floor. RCCL's crew failed to inspect, maintain, maintain warn signs to mark the area and/or otherwise prevent Mabry from walking on the wet slippery walkway caused Mabry to slip and fall.

40. **<u>RCCL'S CREW BREACHED ITS DUTIES.</u>** RCCL's crew breached their duty to maintain the open deck walkway next to the waterslide landing area in a safe manner where Mabry slipped and fell. Specifically, RCCL's crew members failed to inspect and maintain the open deck walkway next to the waterslide landing area in a clean and dry condition. Instead, RCCL's crew allowed a large amount of water to accumulate and/or remain on the floor. RCCL's crew allowed this to happen despite knowing that the area where Mabry slipped and fell was known to suffer from accumulations of water which are known to blend into the floor. RCCL's crew members allowed the water to accumulate and/or remain on the floor for hours and failed to clean, dry, mop, or squeegee the water. RCCL's crew failed to regularly inspect the subject area. RCCL's crew failed to comply with applicable industry standards, statutes, and/or regulations with regard to inspection and maintenance of its walkways including this escape route.

41. **<u>PROXIMATE CAUSE.</u>** The crew's failure to maintain the open deck walkway next to the waterslide landing area onboard the RCCL *Wonder of the Seas* in a safe manner on November 15, 2022, proximately caused Mabry's injuries. RCCL's crew's negligent maintenance caused a large amount of water to accumulate and remain on the floor for an extended period of time. The water made the floor unreasonably and unexpectedly wet and slippery. Had RCCL's crew inspected and maintained the floor in the subject area onboard the RCCL *Wonder of the Seas*

in a reasonably safe manner, Mabry would have never slipped and fell on the open deck walkway next to the waterslide landing area onboard the RCCL *Wonder of the Seas* on November 15, 2022.

42. **DAMAGES.** As a result of RCCL's crew's negligent maintenance the Plaintiff has and will suffer damages in the past and in the future as described in paragraph 15 and incorporated herein.

WHEREFORE the Plaintiff demands Judgment against RCCL as being vicariously liable for the active negligence of its crew for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under General Maritime Law, and any and all other damages which the Court deems just or appropriate.

**COUNT III**
**NEGLIGENT FAILURE TO WARN**

**(Direct Liability for Negligence Under General Maritime Law)**

43. The Plaintiff hereby adopts and re-alleges each and every allegation in paragraphs 1 through 24 above.

44. This is an action against RCCL for its negligent failure to warn passengers, including Mabry, of its hazards, risks or dangers onboard the RCCL *Wonder of the Seas*.

45. **DUTIES OWED BY RCCL**. RCCL owes a duty to exercise reasonable care for the safety of its passengers. The Defendant owes a duty to warn of dangers known to the carrier in places where the passenger is invited to or may reasonably be expected to visit. RCCL owes a duty of reasonable care under the circumstances. RCCL's duty of care includes warning of dangerous

conditions on board the RCCL *Wonder of the Seas,* including the open deck walkway next to the waterslide landing area where Mabry slipped and fell on November 15, 2022.

46. RCCL had actual notice and/or constructive notice of the dangerous condition as alleged in paragraphs 16-24 above and incorporated herein.

47. **RCCL BREACHED ITS DUTY**: RCCL breached its duty to warn Mabry of the dangerous conditions on board the RCCL *Wonder of the Seas*, including where Mabry slipped and fell on November 15, 2022. RCCL breached its duties to the Plaintiff by its actions and conduct. RCCL failed to place signs, stickers, lights, and other visual or written notices on or near the subject area where RCCL slipped and fell on November 15, 2022. RCCL failed to cordon off the wet walkway where Mabry fell or place physical barriers on the floor or otherwise to prevent access to the wet walkway where Mabry slipped and fell. RCCL failed to reasonably and regularly make audible announcements to alert passengers of the presence of the wet surface. RCCL also failed to comply with applicable industry standards, statutes, and/or regulations.

48. **PROXIMATE CAUSE**. RCCL's failure to reasonably warn Mabry of the dangerous conditions on board the RCCL *Wonder of the Seas*, including the open deck walkway next to the waterslide landing area where Mabry slipped and fell on November 15, 2022, proximately caused the Plaintiff's injuries. Had RCCL reasonably warned Mabry of the dangerous condition, Mabry would have been aware of the dangerous condition and never would have walked onto the wet flooring. Mabry therefore would have never slipped, fallen and been injured on board the RCCL *Wonder of the Seas* on November 15, 2022.

49. **DAMAGES.** As a result of RCCL's negligent failure to warn the Plaintiff has and will suffer damages in the past and in the future as described in paragraph 15 and incorporated herein.

WHEREFORE the Plaintiff demands Judgment against RCCL for damages recoverable under the general maritime law and state law including but not limited to economic damages including

medical, psychological, and other related expenses in the past and in the future; damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under General Maritime Law, and any and all other damages which the Court deems just or appropriate.

## COUNT IV
## NEGLIGENT FAILURE TO WARN

### (Vicarious Liability for Negligence *Respondeat Superior* Under General Maritime Law)

50. The Plaintiff hereby adopts and re-alleges each and every allegation in paragraphs 1 through 24 above.

51. This is an action against RCCL for its vicarious liability for the active negligence of its employees for their failure to warn passengers, including Mabry, of its hazards, risks or dangers onboard the RCCL *Wonder of the Seas*.

52. **DUTIES OWED BY RCCL**. At all times material herein, the crew aboard the RCCL *Wonder of the Seas* were the employees of the Defendant. RCCL is therefore vicariously liable for the active negligence of its crew for their negligent failure to warn passengers of known dangers in places where the passengers are invited or may reasonably be expected to visit. RCCL therefore owes a duty to exercise reasonable care for the safety of its passengers by and through its employees onboard its ships. RCCL's crew have a duty of care which includes warning passengers of dangerous conditions onboard the RCCL *Wonder of the Seas* including the open deck walkway next to the waterslide landing area. RCCL's crew owed passengers including Mabry the duty to warn of dangerous conditions in the open deck walkway next to the waterslide landing area where Mabry slipped and fell on November 15, 2022.

53. At all times material hereto, the vessel's crew assigned to inspect and maintain the open deck walkway next to the waterslide landing area in a clean, dry and safe manner were subject to the control and/or right to control by RCCL. RCCL operated, controlled and/or maintained the open deck walkway next to the waterslide landing area as well as its shipboard housekeeping department. RCCL was responsible for among other things and without limitation overseeing the operations of the open deck walkway areas including the inspection and maintenance of its walkways; overseeing the operations of the shipboard housekeeping department including those crew assigned to inspect and maintain the open deck walkway next to the waterslide landing area; selecting, purchasing and maintaining the cleaning equipment and materials used to inspect and maintain wet floors including the open deck walkway next to the waterslide landing area; training, evaluating, and coaching crew assigned to inspect and maintain open deck walkways; and establishing rules, protocols and schedules of crew assigned to inspect and maintain its shipboard floors in a clean and dry condition and to prevent slip and falls on wet slippery floors.

54. The RCCL *Wonder of the Seas* shipboard housekeeping supervisors assigned, instructed, directed and/or otherwise advised the crew members assigned to place signs, stickers, lights, and other visual or written notices in the open deck walkways to prevent slip and falls. The crew the housekeeping supervisors designate are commonly known as housekeeping stewards, pool butlers and/or facility cleaning specialists. RCCL's shipboard housekeeping supervisors create shift schedules and section assignments that designate stewards, pool butlers and/or facility cleaning specialists to specific areas of the ship which include the open deck walkways. RCCL's shipboard housekeeping supervisors assign specific housekeeping stewards, pool butlers and/or facility cleaning specialists to warn guests of known hazards such wet floors. To do this crew are supposed to place signs, stickers, lights, and other visual or written notices, block off wet areas or provide verbal

warnings to guests within their designated areas including the open deck walkway next to the waterslide landing area.

55. Upon information and belief, RCCL's shipboard housekeeping supervisors assigned at least one steward, pool butler and/or facility cleaning specialist to provide guests warnings about hazards such as puddles in the walkway where Mabry slipped and fell. This crew member who was responsible for providing warnings as to hazards such as wet floors in the open deck walkway next to the waterslide landing area actively failed to do so.

56. The crew assigned to the open deck walkway next to the waterslide landing area are responsible for being aware of their surroundings. The crew assigned to this area are also responsible for providing guests warnings to prevent slip and falls in compliance with RCCL's maintenance and slip and fall prevention program as alleged in paragraph 21. On the day of the incident RCCL's crew failed to provide warnings (verbal or visual) to alert guests including Mabry that there was a large puddle in the walkway where Mabry fell. RCCL by and through its crew therefore failed to reasonably warn guests including Mabry as to the presence of the large puddle in the walkway in a reasonably safe manner to prevent slip and falls.

57. **NOTICE IS NOT REQUIRED FOR EMPLOYEE NEGLIGENT ACTS.** RCCL is vicariously liable for negligent acts of its employees. A passenger is not required to establish that a shipowner had actual or constructive notice of a risk-creating condition to hold a shipowner liable for the negligent acts of its employees. *Yusko v. NCL (Bahamas), Ltd.*, 4 F.4th 1164, 1169-1170 (11th Cir. 2021). In this case RCCL's crew members' negligent acts caused Gallagher to slip and fall. Specifically, RCCL's crew assigned to the area where Mabry fell including the steward, pool butler or facility cleaning specialist failed to place a wet floor sign to mark the wet floor, block off the wet area to prevent guests including Mabry from walking on the wet floor and/or failed to provide verbal warnings to warn guests including Mabry of the wet floor.

RCCL's crew failed to warn and/or otherwise prevent Mabry from walking on the wet slippery walkway caused Mabry to slip and fall.

58. **RCCL BREACHED ITS DUTY**: RCCL's crew breached their duty to warn Mabry of the dangerous conditions on board the RCCL *Wonder of the Seas*, including where Mabry slipped and fell on November 15, 2022. RCCL's crew breached their duties to the Plaintiff by its actions and conduct. RCCL's crew failed to place signs, stickers, lights, and other visual or written notices on or near the subject area where Mabry slipped and fell on November 15, 2022. RCCL's crew failed to cordon off the wet walkway where Mabry fell or place physical barriers on the floor or otherwise to prevent access to the wet walkway where Mabry. RCCL's crew failed to reasonably and regularly make audible announcements to alert passengers of the presence of the wet surface. RCCL's crew also failed to comply with applicable industry standards, statutes, and/or regulations with regard to warning guests of a known hazard in a walkway which is an escape route.

59. **PROXIMATE CAUSE**. The crew's failure to reasonably warn Mabry of the dangerous conditions on board the RCCL *Wonder of the Seas*, including the open deck walkway next to the waterslide landing area where Mabry slipped and fell on November 15, 2022, proximately caused the Plaintiff's injuries. Had RCCL's crew reasonably warned Mabry of the dangerous condition, Mabry would have been aware of the dangerous condition and never would have walked onto the wet flooring. Mabry therefore would have never slipped, fallen and been injured on board the RCCL *Wonder of the Seas* on November 15, 2022.

60. **DAMAGES.** As a result of RCCL's crew's negligent failure to warn the Plaintiff has and will suffer damages in the past and in the future as described in paragraph 15 and incorporated herein.

WHEREFORE the Plaintiff demands Judgment against RCCL as being vicariously liable for the active negligence of its crew for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under General Maritime Law, and any and all other damages which the Court deems just or appropriate.

## COUNT V
## NEGLIGENT TRAINING OF PERSONNEL

**(Direct Liability for Negligence Under General Maritime Law)**

61. The Plaintiff Mabry hereby adopts and re-alleges each and every allegation in Paragraphs 1 through 24 above.

62. This is an action against RCCL for negligent training of shipboard crew members.

63. **DUTIES OWED BY RCCL.** RCCL owes a duty to exercise reasonable care for the safety of its passengers. RCCL owes a duty of reasonable care under the circumstances. RCCL owes a duty to train its crew members to properly inspect, clean, dry and warn of dangers known to RCCL where RCCL invites or reasonably expects passengers to go. RCCL's duty of care includes training its crew members to inspect, clean, dry and warn passengers about dangerous conditions on board the RCCL *Wonder of the Seas* including where Mabry slipped and fell on November 15, 2022.

64. At all times material hereto, RCCL operated, controlled and/or maintained the the open deck walkways as well as its shipboard housekeeping department. RCCL was responsible for among other things and without limitation overseeing the operations of the open deck areas and

shipboard housekeeping department. This operational responsibility included but was not limited to training crew how to inspect, maintain, warn guests of hazards and prevent slip and falls.

65. RCCL created training programs specifically addressing the inspection and maintenance of floors, warning guests of hazards (including wet slippery floors) as well as how to prevent slips and falls onboard its ships. These trainings include programs that are specifically applicable to the inspection, maintenance, provision of warnings to guests regarding hazards and slip and fall prevention for the open deck walkways including where Mabry slipped and fell. These programs are more thoroughly alleged and incorporated herein in paragraph 21.

66. RCCL should have become aware and could have easily discovered that it had failed to properly train its crew members given that the crew member(s) failed to inspect and clean and dry the subject area, failed to provide the Plaintiff warnings about the dangerous condition and/or otherwise failed to implement or operate RCCL's training programs designed to prevent slip and falls, provide warnings and maintain floors in a reasonably safe and dry condition.

67. RCCL either had actual notice and/or had constructive notice of the dangerous condition as alleged in paragraphs 16-24 above and incorporated herein.

68. **RCCL BREACHED ITS DUTIES.** RCCL breached its duty of care owed to Mabry and was negligent by failing to reasonably train its crew members to inspect, clean, dry and warn passengers of the dangerous conditions and/or implement or operate its training procedures to prevent slip and fails on board the RCCL *Wonder of the Seas* including the subject area where Mabry slipped and fell on November 15, 2022. RCCL failed to reasonably implement or operate its training programs including but not limited to the following ways:

a. failing to teach shipboard crew how to inspect for puddles;

b. failing to teach shipboard crew how frequently to inspect for puddles;

c. failing to teach shipboard crew where puddles or water accumulations continuously and/or repetitively accumulate;

d. failing to teach shipboard crew how to warn guests about wet slippery floors;

e. failing to teach shipboard crew how to properly mark, cordon off and/or provide visual cues to alert guests that floors may be wet and slippery;

f. failing to teach shipboard crew how to reasonably clean and dry floors in a safe condition;

g. failing to teach shipboard crew how to test, check and/or otherwise determine whether crew understand how to inspect and maintain floors in a clean and dry condition;

h. failing to teach shipboard crew how to test, check and/or otherwise determine whether crew understand how to warn guests to prevent slip and falls and/or of known slippery wet floors;

i. failing to teach shipboard crew how to test, check and/or otherwise determine whether crew understand RCCL's slip and fall prevention program;

j. failing to teach shipboard crew how frequently crew should be trained to ensure they understand, remember and retain information from training programs;

k. failing to teach shipboard crew to comply with industry standards regarding how to train its crew members to inspect and maintain the flooring and warn passengers of wet floors and the dangerousness of wet floors.

l. failing to teach shipboard crew to assign sufficient crew to implement and operate its inspection, maintenance, warning and/or slip and fall prevention programs.

In doing so, RCCL failed to reasonably implement or operate its training programs described in paragraph 21 and incorporated herein.

69. At the time Mabry fell on open deck walkway next to the waterslide landing area, the crew that were responsible for warning, cleaning, drying and inspecting that area failed to do so. Because those crewmembers were not properly trained, RCCL failed to reasonably warn passengers like Mabry of the dangerous conditions on board the RCCL *Wonder of the Seas* including the area where Mabry slipped and fell on November 15, 2022. Because those crew were not reasonably trained, those crewmembers also failed to properly inspect, clean, dry and/or otherwise reasonably maintain the area in a safe condition.

70. **PROXIMATE CAUSE.** RCCL's failure to reasonably train its crew to implement or operate its training procedures proximately caused Mabry's injuries. Had RCCL reasonably implemented or operated its training programs onboard its ships including the RCCL *Wonder of the Seas* on November 15, 2022, the crew members would have inspected, cleaned, dried, and warned Mabry about the dangerous condition. If RCCL had reasonably implemented or operated its training programs, the dangerous condition would not have existed. If RCCL reasonably trained its crew member, Mabry would have been aware of the dangerous condition. Mabry therefore would never have slipped and fell on the subject incident area on November 15, 2022.

71. **DAMAGES**. As a result of RCCL's negligent training the Plaintiff has and will suffer damages in the past and in the future as described in paragraph 15 and incorporated herein.

WHEREFORE the Plaintiff demands Judgment against RCCL for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all

interest due under the applicable law including interest from the date of the subject incident under General Maritime Law, and any and all other damages which the Court deems just or appropriate.

## COUNT IV NEGLIGENT DESIGN, CONSTRUCTION AND SELECTION OF MATERIALS

**(Direct Liability for Negligence Under General Maritime Law)**

72. The Plaintiff Mabry hereby adopts and re-alleges each and every allegation in Paragraphs 1 through 24 above.

73. This is an action against RCCL for its negligent design, construction and selection of the subject area.

74. **DUTIES OWED BY RCCL.** RCCL owes a duty to exercise reasonable care for the safety of its passengers. RCCL owes a duty of reasonable care under the circumstances. RCCL's duty to design, construct and select materials for all areas and features of its vessels, including the subject area, is part of RCCL's duty of reasonable care under the circumstances. RCCL had a duty to design the subject area including the flooring in a reasonably safe manner and in accordance with industry standards.

75. RCCL custom designed and custom built the RCCL *Wonder of the Seas* to RCCL's specifications. RCCL participated in and/or approved of the design of the subject area including the subject flooring. RCCL participated in and/or approved of the selection of the materials for the subject area including the subject flooring. RCCL participated in and/or approved of the installation of the materials for the subject area including the subject flooring. RCCL chose to install this same and/or similar flooring throughout its fleet. RCCL continues to repair, modify and/or install the same and/or similar flooring on all its ships, including the RCCL *Wonder of the Seas*. At all times RCCL had the ultimate control over the design and construction of the RCCL *Wonder of the Seas.* RCCL had the right to inspect both the designs on paper and the design and

construction at the yard. RCCL had the right under its contract with the yard to approve or reject the design, construction and selection of all materials to construct all aspects of the RCCL *Wonder of the Seas* including the subject area and flooring. RCCL had the right to reject any and all items, designs and construction. RCCL holds the ultimate control under their contract with the yard to withhold payment if an item or design is rejected or at issue and not resolved. RCCL approved of the design, construction, and selection of materials of the subject area demonstrated by the fact that RCCL has operated and maintained the ship continuously since on or about September 4, 2020.

76. RCCL either had actual notice and/or had constructive notice of the dangerous condition as alleged in paragraphs 16-24 above and incorporated herein.

77. RCCL knew or should have known that the subject area including the flooring it chose and installed in the open deck walkways including the area next to the waterslide landing on the RCCL *Wonder of the Seas* was unreasonably dangerous and slippery when wet.

78. RCCL knew or should have known of the dangerousness of the subject area including the subject floor since their installation.

79. **RCCL BREACHED ITS DUTIES.** RCCL breached its duties of care owed to Mabry and was negligent by approving, designing, constructing, and/or selecting subject area including the open deck walkway next to the waterslide landing area on board the RCCL *Wonder of the Seas* where the subject incident occurred. RCCL failed to design, construct, select, approve and/or select materials that complied with industry standards. The design and/or materials RCCL chose, selected, approved of, and installed for the subject area on board the RCCL *Wonder of the Seas* was unreasonably dangerous.

80. **PROXIMATE CAUSE.** RCCL's negligent design, construction, and selection of materials for the subject area on board the RCCL *Wonder of the Seas* proximately caused Mabry's

injuries. Had RCCL reasonably designed, constructed and selected the subject area on board the RCCL *Wonder of the Seas*, Mabry would have never slipped and fallen on November 15, 2022.

81. **DAMAGES.** As a result of RCCL's negligent design, construction and selection of materials, Plaintiff has and will suffer damages in the past and in the future as described in paragraph 15 and incorporated herein.

WHEREFORE the Plaintiff demands Judgment against RCCL for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under General Maritime Law, and any and all other damages which the Court deems just or appropriate.

Dated: October 2, 2023

By: *s/ Sarah A. Lobel*

**SARAH A. LOBEL, ESQ**. (FBN 88716)
slobel@hickeylawfirm.com
**JOHN H. HICKEY, ESQ.** (FBN 305081)
hickey@hickeylawfirm.com
federalcourtfilings@hickeylawfirm.com
**HICKEY LAW FIRM, P.A.**
1401 Brickell Avenue, Ste. 510
Miami, Florida 33131-3504
Telephone: (305) 371-8000
Facsimile: (305) 371-3542
*Counsel for the Plaintiff*